UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARICELA ESPINOSA, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                          )
                 Plaintiff,                       )
   vs.                                       )
                                                                 )
M AND G SUPERMARKET INC.,    )
MAXIMO D CUEVAS,                       )
MARY L CUEVAS,                              )
                                                                 )
               Defendants.                 )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND MISCLASSIFIED EMPLOYEE UNDER 26 U.S.C. 7434

Plaintiff, MARICELA ESPINOSA, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against Defendants, M AND G SUPERMARKET INC., MAXIMO D CUEVAS, and MARY L CUEVAS, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant, M AND G SUPERMARKET INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant MAXIMO D CUEVAS is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore

Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant MARY L CUEVAS is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as a cook and helping to wait tables from on or about April 17, 2013 through on or about November 3, 2017.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $375,000 for the first nine months of the year 2017 and is expected to exceed $500,000 for the year 2017.

15. Between the period of on or about April 17, 2013 through on or about November 3, 2017, Plaintiff worked an average of 54 hours a week for Defendants and was paid an average of $7.40 per hour but was never paid the extra half time rate for any hours worked over 40

hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. MISCLASSIFIED EMPLOYEE PURSUANT TO 26 U.S.C. § 7434 AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. On or about April 17, 2013, Plaintiff was hired as a cook and helping to wait tables by Defendants.

18. Between the period of on or about January 1, 2016 through on or about December 31, 2016, Plaintiff was employed full time and at the direction and control of Defendants.

19. Between the period of on or about January 1, 2016 through on or about December 31, 2016, Defendants improperly classified Plaintiff as an independent contractor and issues a 1099 for work performed by her for this time period.

20. This improper classification was done so that Defendants could attempt to avoid complying with Federal and state laws, including, but not limited to, the failure to pay Federal payroll taxes and state unemployment taxes.

21. At all times relevant, Defendants are in violation of 26 U.S.C. §7434 and Plaintiff is entitled to damages pursuant to §7434(b)(1)-(3).

Wherefore, the Plaintiff requests judgment be entered against Defendants, jointly and severally, double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to 26 U.S.C. §7434(b)(1)-(3), to be proven at the time of trial or as much as allowed by the law along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

               Respectfully Submitted,

               J.H. Zidell, Esq.
               J.H. Zidell, P.A.
               Attorney For Plaintiff
               300 71st Street, Suite 605
               Miami Beach, Florida 33141
               Tel: (305) 865-6766
               Fax: (305) 865-7167

               By:__/s/ J.H. Zidell_____
                    J.H. Zidell, Esq.
                   Florida Bar Number: 0010121