UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24137-MGC

MARICELA ESPINOSA,

    Plaintiff,

v.

M AND G SUPERMARKET, INC.,
MAXIMO D. CUEVAS, and
MARY L. CUEVAS,

    Defendants.

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING RULING OF DEFENDANTS' MOTION TO DISMISS OR <u>ALTERNATIVE MOTION FOR SUMMARY JUDGMENT</u>**

    Defendants, M AND G SUPERMARKET, INC. ("M AND G") and MAXIMO D. CUEVAS ("Defendants"), by and through the undersigned counsel, hereby files this Motion for Protective Order and to Stay Discovery Pending Ruling of Defendants' Motion to Dismiss or Alternative Motion for Summary Judgment [DE 26], and further states as follows:

1. Plaintiff MARICELA ESPINOSA ("Plaintiff") file an Amended Complaint [DE 21] alleging violations under the Fair Labor Standards Act (FLSA) and Florida Minimum Wage Act, for alleged wages owed to Plaintiff from Defendants.

2. In Response, Defendants filed a Motion to Dismiss or Alternatively for Summary Judgment [DE 26], arguing that Defendant M AND G SUPERMARKET, INC. (corporate Defendant) was

not a "covered employer" as defined by the relevant Act, because the corporate Defendant did less than the requisite gross annual revenue threshold (enterprise coverage) and further Plaintiff was not personally and directly involved in interstate commerce (individual coverage) as a local chef in South Florida, and thus the Plaintiff's claims must be dismissed or for summary judgment to be entered in favor of Defendants.

3. Defendants provided substantiating evidence, by way of income tax returns and affidavits, that they were not, during the relevant period of time, a "covered employer" under the Act.

4. Instead of dismissing this action as would be reasonable under these circumstances, it is Plaintiff and her counsel's modus operandi to attempt to extort a settlement from Defendants by applying unnecessary financial pressure to defend this frivolous action, before the Defendants' Motion to Dismiss or Alternatively for Summary Judgment [DE 26] is ruled upon.

5. Plaintiff and her counsel are well-aware that the cost to defend this matter, and conduct full discovery, prior to the Court's ruling on Defendants filed a Motion to Dismiss or Alternatively for Summary Judgment [DE 26], would cause great financial pressure unnecessarily on Defendants, and that such fees will soon likely dwarf the maximum potential liability of Plaintiff's underlying claim.

6. For good cause shown, a court may enter a protective order to prevent a deposition from being conducted. Fed.R.Civ.P. 32(d)(1),

7. To that end, Plaintiff has unilaterally set a deposition of the corporate Defendant and Defendant MAXIMO D. CUEVAS for February 18, 2018, served discovery requests upon Defendants regarding **all** issues of the matter (not merely limited to the issue of FLSA

jurisdiction), as well as now attempting to take the deposition of the corporate Defendant's accountant without reason.

8. Plaintiff did not allege in her Amended Complaint [DE 21], or otherwise, that the corporate Defendant's records or income tax returns were in any way false or incorrect. Plaintiff would not be able to allege same, as she was wholly without any knowledge as to the finances of the corporate Defendant, as she served as a "Chef" for the Defendants' local supermarket.

9. As Plaintiff is without any knowledge relating to the finances of Defendants' business, her discovery and deposition requests are unnecessary at this time, are overbroad as not limited only to the issue of FLSA jurisdiction, and are intended to harass and cause financial strain on Defendants unnecessarily in an attempt to extort a settlement.

10. Should Defendants prevail upon its Motion to Dismiss or Alternatively for Summary Judgment [DE 26], the remaining issues, including those relating to hours, payment, individual liability, and willfulness, become moot as the Plaintiff would not be able to maintain her action against Defendants.

11. In the context of FLSA cases, like the instant one, in which jurisdiction is being challenged and an affidavit from a manager or owner of the company with knowledge of the returns submitted with a motion to dismiss, the motion may be considered without converting the motion to dismiss into a motion for summary judgment and without any additional discovery. *See, e.g., Cordero v. Red Grouper, Inc.,* 2008 WL 1781158 (M.D. Fla. 2008) (denying a motion to permit discovery limited to the issue of enterprise coverage and holding that tax returns are enough to decide the issue); *Russell v. Continental Restaurant, Inc.,* 430 F. Supp.2d 521, 524 (D. Md. 2006)

(granting motion to dismiss filed by restaurant sued by a waitress, and disallowing any discovery with regard to the tax returns and affidavit submitted with the motion).

12. In this instance, it is respectfully submitted that the Honorable Court can resolve Defendants' Motion to Dismiss or Alternatively for Summary Judgment [DE 26], without additional discovery as there has been no showing, nor there any showing, that the income tax returns created by Defendants' accountant and filed by Defendants are inaccurate in any way. As with other like cases, the income tax returns are enough, it is respectfully submitted, to decide the issue of enterprise coverage under the Act.

13. Should the Court permit discovery, the Defendants request that the Court limit discovery only to paper discovery on the issue of subject matter jurisdiction, and that discovery be limited to thirty (30) days. *Delisle v. LGY Corp.,* 535 F. Supp. 2d 1266 (S.D. Fla. 2008); *Guzman v. Irmadan, Inc.,* 2008 WL 926375 (S.D. Fla., Mar. 4, 2008).

14. As Defendants believe that they are likely to prevail on the issues raised by their Motion to Dismiss or Alternatively for Summary Judgment [DE 26], it is respectfully submitted that Defendants should be protected from the unilaterally scheduled depositions, including Defendants' accountant, and the discovery requests served upon Defendants, pending the Honorable Court's ruling on Defendants' Motion to Dismiss or Alternatively for Summary Judgment [DE 26].

WHEREFORE, Defendants M AND G SUPERMARKET, INC. and MAXIMO D. CUEVAS, request that this Honorable Court enter an Order granting the instant motion for protective order and stay on all discovery that has been, or will be served, or noticed, upon Defendants, including the

deposition unilaterally set for February 18, 2018, and the deposition of Defendants' accountant, until the Court has ruled upon Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction, in the Alternative, Request to Convert Motion Into Motion for Summary Judgment [DE 26], or in the alternative, to permit Plaintiff conduct paper discovery only on the issue of FLSA jurisdiction to be completed within thirty (30) days, and/or for such other relief as this Honorable Court deems reasonable.

DATED:  February 14, 2018

                                              Respectfully submitted,

                                              MILITZOK LAW, P.A.
                                              *Attorney for Defendants*
                                              Wells Fargo Building
                                              4600 Sheridan Street, Suite 402
                                              Hollywood, Florida 33021
                                              (954) 780-8228 - Telephone
                                              (954) 719-4016– Facsimile
                                              bjm@militzoklaw.com

                                              By: /s/ Brian Militzok
                                              BRIAN J. MILITZOK, ESQ
                                              Fla. Bar No.: 0069993

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Service List:

Jamie H. Zidell, Esq.
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

Adam Berman, Esq.
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

Alejandro Guillermo Martinez-Maldonado, Esq.
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

K. David Kelly
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

/s/Brian J. Militzok
Brian J. Militzok